**Vernon TURNER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-17451.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1973.

D. Warren Crisjohn, Yale, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Vernon Turner, hereinafter referred to as defendant, was convicted in the District Court of Payne County, Case No. CRM 71–784, of the offense of engaging in business as a new car dealer without having obtained the requisite license, in violation of 47 O.S. § 564, with punishment fixed at a fine of $100.00. Judgment and sentence was imposed on February 8, 1972, and this appeal perfected therefrom.

It was charged by information that the defendant, on November 11, 1971, held himself out as a dealer in new 1972 Ford and Mercury automobiles, engaging in said busi-

ness under the name of Yale Motors, located in Yale, Payne County, Oklahoma, without having obtained the requisite license to do so.

Title 47 O.S.1971, § 564(a) provides in relevant part that it shall be unlawful and constitute a misdemeanor for a person to engage in business as, or serve in the capacity of, or act as a motor vehicle dealer without first obtaining a license therefor, and "each day such unlicensed person violates this Section shall constitute a separate offense." Such license must be obtained from the Oklahoma Motor Vehicle Commission. Under the Act a "motor vehicle dealer" means any person, firm, association, corporation or trust "who sells, solicits or advertises the sale of new and unused motor vehicles and holds a bona fide contract or franchise in effect with a manufacturer or distributor of a particular make of new or unused motor vehicle or vehicles for the sale of the same." 47 O.S.1971, § 562(b).

As to the evidence in support of conviction, Mead Norton testified that he was the Director of the Oklahoma Motor Vehicle Commission, and that according to the records of the Commission, the defendant did not have a license to sell new cars on November 11, 1971. J. T. Reeder testified that he was a Ford automobile dealer in Yale, Oklahoma, and had signed a complaint against the defendant after having seen new cars at defendant's place of business, and after having seen advertisement for defendant's automobile company. Several newspaper advertisements were admitted into evidence which in substance declared that 1972 Fords, Mercurys, and GMC Trucks, could be purchased from the defendant and the Yale Motor Company.

Silas Robinson testified that he purchased a 1972 Mercury Comet in Yale, Oklahoma, on October 1, 1971, at the defendant's car lot. Charles Ramsey testified that he purchased a Ford LTD "back in October" 1971, from the defendant. According to Ramsey, this vehicle was not a new automobile and had approximately 400 miles on the speedometer. Danny Wright testified that he purchased a 1972 GMC truck in the middle of December from a salesman at defendant's car lot. Gene McClary testified that he bought a 1972 Mercury from the defendant on January 5th. According to McClary this vehicle had 4,726 miles on the speedometer. This, in substance, constituted the evidence of the State.

■ The State's evidence did not establish that on November 11, 1971, the defendant held himself out as a dealer in new or unused 1972 Ford and Mercury automobiles. The Act prohibits a person from engaging in business as a motor vehicle dealer of new and unused cars without obtaining a license. A "new or unused motor vehicle" means "a vehicle which is in the possession of the manufacturer, distributor or wholesaler, or has been sold only to the holder of a valid selling agreement, franchise, or contract, granted by the manufacturer, distributor or wholesaler for the sale of said make of new vehicle and which is in fact new and unused, and on which the original title has not issued from the franchised dealer." 47 O.S.1971, § 562(m). The evidence of the State did not establish that the vehicles sold by the defendant or his employees were new or unused motor vehicles, as defined by the statute.

Furthermore, the evidence of the State did not prove defendant sold any automobiles or held himself out as a dealer in new or unused automobiles on November 11, 1971. The only evidence pertaining to the date of November 11, 1971, established that the defendant did not have a license. There was no other evidence as to defendant's actions on that date. Two vehicles were sold at defendant's place of business in October, one was sold in December, and another in January. It is to be remembered that the statute provides that "each day such unlicensed person violates this section shall constitute a separate offense." Thus, the evidence of other sales on different days from the date charged in the information would be immaterial, incompetent, and prejudicial.

■ It is the general rule that on prosecution for a particular crime, evidence which shows or tends to show the accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. 22A C.J.S. Criminal Law § 682. Smith v. State, 83 Okl.Cr. 209, 175 P.2d 348.

We therefore find that the evidence of the State did not establish that the defendant sold any new motor vehicles or otherwise held himself out as a dealer in new or unused motor vehicles on November 11, 1971, without a license within the meaning of 47 O.S.1971, § 564(a) and § 562. Accordingly, the trial court erred in overruling defendant's demurrer and the judgment and sentence is hereby reversed and remanded.

BLISS, P. J., specially concurring.

BUSSEY, J., concurring in result.

BLISS, Presiding Judge (concurring specially):

The charging part of the Information is in substance that on November 11, 1971, the defendant did wilfully and unlawfully engage in business and hold himself out as a dealer in new 1972 Ford and Mercury automobiles under the name of Yale Motors.

The transcript of the trial proceedings shows that the State attempted to prove the offense charged by persons who had purchased vehicles from the defendant on three different occasions, and by certain advertisements and news story appearing in local newspapers circulated in the area of Payne County between the dates of September 9 and November 18, 1971, purportedly soliciting business for the defendant.

As to the alleged purchases of vehicles: One Charles Ramsey testified that he purchased a 1972 LTD Ford in October, 1971, with 400 miles on it and purchased it as a used automobile after first seeing it in Bristow. Danny V. Wright testified that he purchased a 1972 GMC truck from one Raymond Lundy at defendant's lot about December 15, 1971, but again the vehicle came from Bristow. Gene McClary testified that he bought a 1972 Mercury automobile from the defendant in January, 1972, and that it had 4,726 miles on it.

These three witnesses were the only persons testifying as to purchases. Neither testified that he purchased *a new and unused vehicle* on November 11, 1971, or any other date. Thus, the State's evidence failed in this regard.

As to newspaper entries: The State was permitted, over the objection of the defendant, to introduce in evidence one news story and three advertisements appearing in a local newspaper, The Yale News, between the dates of September 16 and November 18, 1971, and one advertisement appearing on November 11, 1971, in a paper called "Shop 'n Swap", apparently circulated in the area of Yale, Oklahoma, as follows: " '72 Fords and Mercurys. Before you buy a new or used car, see Vernon Turner at Yale Motors for the best all-around deal possible."

These five newspaper exhibits admitted in evidence were identified by the complaining witness, authorized Ford dealer in Yale, Oklahoma, and by no other witness. They were pure hearsay evidence. The defendant was not shown to be responsible for the news story or either of the advertisements except by the surmise of the complaining witness and by what he admittedly had been told by others. No person connected with either newspaper in any capacity, though surely available, appeared to connect the defendant with the publication of the exhibits. True, the exhibits were material and relevant but incompetent because of hearsay.

Further hearsay evidence was introduced by permitting the complaining witness to testify that certain State Officials had informed him that Yale Motors was a corporation and that defendant, Vernon Turner, was its president.

Defendant's demurrer at the close of the State's evidence should have been sustained.